# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AARON J. SHULTZ,**
**Claimant Below, Petitioner**

**vs.)**   **No. 12-0086**  (BOR Appeal No. 2046199)
                    (Claim No. 2009055419)

**EASTERN ASSOCIATED COAL CORPORATION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron J. Shultz, by J. Thomas Greene, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal Corporation, LLC, by George E. Roeder,[1] its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2011, in which the Board affirmed a July 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed five claims administrator decisions, dated November 23, 2009, November 23, 2009, January 21, 2010, March 12, 2010, and October 4, 2010, regarding treatment and temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shultz worked as an underground coal miner for Eastern Associated Coal Corporation. On August 8, 2008, Mr. Shultz suffered an injury to his left shoulder while moving a safety curtain. Mr. Shultz then came under the care of Dr. Bal, who surgically repaired Mr.

---

[1] George E. Roeder of Jackson Kelly, PLLC, withdrew as counsel for the employer, Eastern Associated Coal Corporation, LLC after submitting its Response Brief. Henry C. Bowen was substituted as counsel on May 12, 2012.

Shultz's left rotator cuff tear. Following the surgery, Mr. Shultz developed and was treated for Methicillin resistant Staphylococcus Aureus (MRSA) which required irrigation and debridement operations. Mr. Shultz's conditions subsequently began to improve. But on January 15, 2009, Mr. Shultz fell on the stairs at his home injuring his left elbow and pulling his left shoulder up. Dr. Bal found that Mr. Shultz had reinjured his left rotator cuff. Lab results at the time showed no signs of MRSA, so Dr. Bal performed a second surgical repair of Mr. Shultz's left rotator cuff. Following the surgery, Mr. Shultz developed MRSA for a second time. Dr. Bal then requested repayment for the MRI and surgery. Dr. Bal believed that Mr. Shultz's need for the requested treatments were needed because of the weakened structure of Mr. Shultz's left shoulder caused by multiple surgeries and irrigations. Dr. Bal also requested a referral to a psychiatrist based on Mr. Shultz's sleep disorders. On November 23, 2009, the claims administrator denied repayment for a left shoulder MRI. The claims administrator also granted Mr. Shultz temporary total disability benefits up to January 15, 2009. On January 21, 2010, the claims administrator denied repayment for left shoulder surgery. On March 12, 2010, the claims administrator denied Mr. Shultz's request for temporary total disability benefits after January 15, 2009. The claims administrator then submitted Mr. Shultz's request for psychiatric referral to Dr. Burstein, who found that Mr. Shultz had no need for psychiatric treatment. On October 4, 2010, the claims administrator denied Mr. Shultz's request for a psychiatric referral. The Office of Judges initially granted Mr. Shultz's request for an MRI and temporary total disability benefits on February 25, 2010, but upon remand from the Board of Review and a proper development of the evidence, the Office of Judges affirmed all five of the claims administrator's decision on July 29, 2011, denying the requested treatments and temporary total disability benefits after January 15, 2009. The Board of Review affirmed the Order of the Office of Judges on December 23, 2011, leading Mr. Shultz to appeal.

The Office of Judges concluded that Mr. Shultz's fall at home on January 15, 2009, was an independent intervening cause which subsequently aggravated his condition and was not attributable to his customary activity. The Office of Judges concluded that this subsequent aggravation was not compensable. The Office of Judges concluded that Mr. Shultz was not entitled to temporary total disability benefits after the subsequent intervening cause of January 15, 2009. The Office of Judges also concluded, based on the opinion of Dr. Burstein, that Mr. Shultz was not entitled to psychiatric treatment or referrals. Finally the Office of Judges concluded that Dr. Bal was not entitled to repayment for the left shoulder surgery. The Office of Judges relied on the reports of Dr. Thrush and Dr. Jin who pointed out that Mr. Shultz was improving prior to his fall at home. Dr. Thrush also pointed out that Mr. Shultz had recovered from his initial bout of MRSA and showed no signs of infection until after the second rotator cuff repair. Both Dr. Thrush and Dr. Jin attributed Mr. Shultz's current symptoms to the non-work-related fall on January 15, 2009. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Shultz's current disability is not causally linked to his compensable injury of August 8, 2008. Although Mr. Shultz has suffered from a serious injury and subsequent infection, his conditions were improving up to the point of his home fall. The fall constitutes an independent intervening cause which is not attributable to Mr. Shultz's customary activities. Under *Wilson v.*

2

*Workers' Compensation Commissioner*, 174 W. Va. 611, 616, 328 S.E.2d 485, 490 (1984), this is a subsequent aggravation and is not compensable. Mr. Shultz is not entitled to temporary total disability benefits following this intervening cause. Additionally, Mr. Shultz has not demonstrated that the requested surgery and MRI are reasonably related to a compensable condition of the claim. The MRI and surgery were needed to repair the damage from his home fall and were properly denied. Mr. Shultz is also not entitled to a psychiatric referral because the report of Dr. Burstein and the record as a whole does not reasonably relate the treatment to any compensable condition of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum